■ WALTER BENJAR, Respondent, v. GUSTAVO AJO et al., Appellants.—

The alleged libels are contained in an exchange of cables between defendants' New York office and their Frankfurt office. The cables concern a change of locks on the office door. They do not mention plaintiff by name or refer to him in any way. By way of innuendo plaintiff alleges that the cables were prompted by the termination of his connection with the defendants and therefore cast doubt on his honesty. Such a claim is beyond the province of an innuendo. The true function is to explain matter that is not sufficiently expressed (*Tracy* v. *Newsday, Inc.,* 5 N Y 2d 134). Language clear in itself and not susceptible of a libelous meaning cannot be made so by innuendo (*Tracy* v. *Newsday, Inc., supra; O'Connell* v. *Press Pub. Corp.,* 214 N. Y. 352). Applying those tests, it is apparent that no cause of action is or can be stated. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.